UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROBERT SHEEHAN,

        Petitioner,

v.

ADA PEREZ, SUPERINTENDENT,

        Respondent.
---------------------------------------------------------------X

**DECISION AND ORDER**
14-CV-6477 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is a *pro se* petition for the writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 by Robert Sheehan ("Petitioner"). On April 27, 2011, following a jury trial, Petitioner was convicted of Robbery in the Second Degree. On May 13, 2011, Petitioner was sentenced to ten years imprisonment and five years of post-release supervision. Petitioner seeks federal *habeas* relief on the following grounds: (1) the jury did not have legally sufficient evidence to convict Petitioner, and the verdict was against the weight of the evidence; (2) Petitioner was deprived of a fair trial by prosecutorial misconduct in summation and the admission of prejudicial testimony at trial; (3) the Government committed a *Rosario* violation by failing to preserve a tape of the victim's 911 call; (4) the trial court erred in accepting the jury verdict before the jury had heard a readback of testimony it had requested earlier; and (5) actual innocence. For the following reasons, Petitioner's *habeas* petition is DENIED in its entirety.

## BACKGROUND

### I. The Crime

On July 24, 2010, at approximately 1:45 P.M., Petitioner and co-defendant Michael Rios allegedly beat and kicked Luis Amendano on Mr. Amendano's property in Queens, New York. Dkt. 9 ("Opp.") at 2. Petitioner and Mr. Rios then stole Mr. Amendano's cell phone and wallet, which contained credit cards and between $100 and $200 in cash. *Id.* at 2-3. On August 3, 2010, Mr. Amendano saw Petitioner and Mr. Rios again in Queens, alerted the police, and identified Petitioner and Rios as his attackers. *Id.* at 3.

1

## II. Court Proceedings

### A. Trial and Sentencing

Petitioner was charged with, and convicted of, one count of Robbery in the Second Degree by a unanimous jury in the Supreme Court of Queens County. *Id.* Justice Barry Kron sentenced Petitioner to ten years imprisonment and five years of post-release supervision. *Id.*

### B. Direct Appeal and § 440.10 Motion

On June 30, 2012, Petitioner appealed his conviction on the following grounds: (1) the evidence was legally insufficient to convict Petitioner because the prosecution failed to prove Petitioner's identity as the perpetrator beyond a reasonable doubt, and the guilty verdict was against the weight of the evidence; (2) Petitioner was deprived of his right to a fair trial by the admission of evidence concerning Petitioner's alleged public intoxication, which was more prejudicial than probative, in violation of *People v. Molineux*, 168 N.Y. 264 (1901); and (3) Petitioner was deprived of his right to a fair trial by the prosecutor's improper comments in summation, wherein the prosecutor voiced for the sole witness's credibility while denigrating the defense. Dkt. 10 ("State Court Briefs"), at PDF 20-36.

On April 11, 2013, the Appellate Division of the New York Supreme Court, Second Department (the "Second Department") affirmed Petitioner's conviction. *People v. Sheehan*, 963 N.Y.S.2d 309 (2d Dep't 2013). The Second Department held (1) Petitioner's argument of legal insufficiency of the evidence was unpreserved under New York Criminal Procedure Law ("N.Y. Crim. Proc. Law") § 470.05[2]; (2) the evidence was, in any event, legally sufficient to convict and the guilty verdict was not against the weight of the evidence; (3) Petitioner's contention that the admission of the challenged evidence deprived him of a fair trial was without merit; (4) the prosecutor's summation comments denigrating defense counsel were improper, but

did not deprive Petitioner of a fair trial because the trial court sustained objections to the comments and issued prompt curative instructions; and (5) Petitioner's remaining objections to the prosecutor's comments were unpreserved for appellate review and such comments were, in any case, permissible. *Id.* at 311-313. Petitioner sought leave to appeal the affirmation of his conviction, which was denied by the Court of Appeals on July 9, 2013. *People v. Sheehan*, 21 N.Y.3d 1020 (2013).

On or about December 23, 2013, Petitioner filed a *pro se* motion to vacate his conviction pursuant to N.Y. Crim. Proc. Law § 440.10 (the "§ 440.10 motion"). State Court Briefs at PDF 118-150. Petitioner argued (1) he is actually innocent and was mistakenly identified as a perpetrator of the crime for which he was convicted; (2) the Government committed a *Rosario* violation[1] because a tape of the 911 call placed by the victim was deleted; (3) the trial court's acceptance of the jury verdict before the requested readback of testimony prejudiced Petitioner; and (4) the prosecutor's vouching for the victim's credibility in summation prejudiced Petitioner. *Id.* at PDF 140-150.

On April 15, 2014, Justice Kron denied Petitioner's § 440.10 motion, finding that all Petitioner's claims were subject to a mandatory procedural bar because (1) the claims regarding legal insufficiency of evidence, admission of testimony regarding Petitioner's alleged intoxication, and the prosecutor's summation comments had been previously raised and rejected on appeal, and were therefore procedurally barred under N.Y. Crim. Proc. Law § 440.10(2)(a); and (2) the claims regarding the *Rosario* violation and the acceptance of the verdict prior to readback were procedurally barred under N.Y. Crim. Proc. Law § 440.10(2)(c) because there

---

[1] "The *Rosario* rule, codified at [N.Y. Crim. Proc. Law § 240.45], requires that the prosecution disclose any statement of a witness whom it intends to call at the hearing or trial, which is in the People's possession or control and relates to the subject matter of the witness's testimony." *Perez v. Smith*, 791 F.Supp.2d 291, 311 (E.D.N.Y. 2011) (Vitaliano, J.) (citation omitted).

3

were sufficient facts on the record to have permitted review of the claims on appeal, and Petitioner failed to raise those claims on appeal. *Id.* at PDF 185-188. Justice Kron also held Petitioner's claims were meritless because (1) the jury indicated it no longer required the readback before the trial court accepted its verdict, and (2) there was no *Rosario* violation because Petitioner was provided with a printout of the 911 call containing the information given to the police by the victim. *Id.* at PDF 188. Petitioner moved for leave to appeal the denial of his § 440.10 motion. *Id.* at PDF 189-190. Petitioner's application was denied on July 18, 2014. Opp. at 8.

### C. The *Habeas* Petition

Petitioner now seeks federal *habeas* relief on the following grounds, stated in the order in which the Court will address them: (1) actual innocence; (2) legal insufficiency of the evidence to convict, and the jury verdict being against the weight of the evidence; (3) deprivation of fair trial due to improper prosecutorial summation remarks vouching for witness credibility; (4) commission of a *Rosario* violation because Government's failed to preserve a tape of the victim's 911 call; (5) trial court error in accepting the jury verdict before the requested readback; (6) deprivation of fair trial due to admission of prejudicial evidence in violation of *People v. Molineux*, 168 N.Y. 264 (1901); and (7) deprivation of fair trial due to improper prosecutorial summation remarks denigrating defense counsel. Dkt. 1 ("Petition") at PDF 5-14; Dkt. 1-2 ("Petitioner's Memorandum") at PDF 2-13.

## DISCUSSION

### I. *Habeas Corpus* Standard of Review

This Court's review of Petitioner's petition is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. The Court "shall entertain

an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In order to obtain relief, an individual in custody must demonstrate, *inter alia*, that he has: (1) exhausted his potential state remedies; (2) asserted his claims in his state appeals such that they are not procedurally barred from federal *habeas* review; and (3) satisfied the deferential standard of review set forth in AEDPA, if his appeals were decided on the merits. *See e.g.*, *Edwards v. Superintendent, Southport C.F.*, 09-CV-274, 2013 WL 3788599, at *9 (E.D.N.Y. July 19, 2013) (Chen, J.); *Philbert v. Brown*, 11-CV-1805, 2012 WL 4849011, at *5 (E.D.N.Y. Oct. 11, 2012) (Garaufis, J.).

"[H]abeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (internal quotation marks and citation omitted). As the statute instructs:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The question is "not whether the state court was incorrect or erroneous in rejecting petitioner's claim, but whether it was objectively unreasonable in doing so." *Ryan v. Miller*, 303 F.3d 231, 245 (2d Cir. 2002) (citing *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001)) (internal quotation marks, alterations, and emphases omitted). The petition may be

granted only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington*, 562 U.S. at 102.

## II. Analysis

### A. Petitioner's Actual Innocence Claim

Petitioner claims he is actually innocent of the crime for which he was convicted. Petition at PDF 9; Petitioner's Memorandum at 9-10. In support of his claim, Petitioner claims to have the newly discovered testimony of a private investigator who found Petitioner was staying at the Boulevard Hotel in Queens under the name of Robert Lomella on the night of the crime. Petitioner's Memorandum at 9. Petitioner further claims trial counsel failed to make use of this information at trial because the name on the hotel registration card was an alias used by Petitioner. *Id.*; State Court Briefs at PDF 140, 153-154.

"Whether a freestanding claim of actual innocence may be adjudicated [on *habeas* review], either in capital or non-capital cases, remains an open question." *DiMattina v. United States*, 949 F. Supp. 2d 387, 416 (E.D.N.Y. 2013) (Weinstein, J.) (internal citations and quotation marks omitted). "Even assuming *arguendo* the existence of a freestanding federal claim of actual innocence, the Supreme Court has suggested that the threshold showing for such a claim would be extraordinarily high." *Castellanos v. Kirkpatrick*, 10-CV-5075, 2015 WL 7312908 at *8 (E.D.N.Y. Nov. 18, 2015) (Brodie, J.) (internal quotation marks and citation omitted). The threshold showing for such a claim "meets and exceeds the standard articulated in those cases which allowed a colorable claim of actual innocence to revive procedurally defaulted claims." *Id.* (citations omitted).

To revive a procedurally defaulted claim, "a claim of actual innocence must be both credible and compelling." *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012) (internal quotation

6

marks and citation omitted). To be "credible," the claim of actual innocence must be supported by "new reliable evidence...that was not presented at trial." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)) (internal quotation marks omitted). "For the claim to be compelling, the petitioner must demonstrate that more likely than not... any reasonable juror would have reasonable doubt." *Id.* (internal citation and quotation marks omitted). Accordingly, even assuming *arguendo* a cognizable freestanding federal claim of actual innocence, a petitioner presenting such a claim must "meet[] and exceed[]" the requirement that the claim be credible and compelling. *Castellanos*, 2015 WL 7312908 at *8 (citations omitted).

Here, assuming *arguendo* a freestanding claim of actual innocence is cognizable, Petitioner fails to provide any evidence at all of his innocence. He only provides a hotel registration card, with no date or time, for a Robert Lomella. State Court Briefs at PDF 154. He provides no evidence that, even if he had been in the hotel on July 24, 2010, he was unable to leave it and commit the robbery for which he was convicted. As such, Petitioner has failed to show that "more likely than not...any reasonable juror would have reasonable doubt." *Rivas*, 687 F.3d at 541. Therefore, Petitioner's request for *habeas* relief on the ground of actual innocence is hereby DENIED.

### B. Petitioner's Procedurally Barred Claims

#### 1. Legal Insufficiency of the Evidence and Deprivation of Fair Trial Due to Prosecutor's Remarks Vouching for Witness

Petitioner seeks *habeas* relief on the grounds that (1) his conviction was against the weight of the evidence, and (2) the jury did not have legally sufficient evidence to convict him. Petitioner's Memorandum at PDF 2-4. Petitioner further seeks *habeas* relief on the ground the prosecutor improperly vouched for a witness. Petition at PDF 8. As an initial matter, Petitioner's claim that his convictions were against the weight of the evidence is not cognizable

on *habeas* review because it is a "pure state law claim" grounded in N.Y. Crim. Proc. Law § 470.15(5). *Correa v. Duncan*, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001) (Block, J.) (internal citation omitted). However, Petitioner's claim that the jury lacked legally sufficient evidence to find him guilty beyond a reasonable doubt is cognizable because it relies on the "federal due process principles" established by the Fourteenth Amendment. *Id.* (citation omitted).

Nevertheless, if the state court's disposition of federal claim "rests upon a state-law ground that is independent of the federal question and adequate to support the judgment," the Court will not review that claim. *Downs v. Lape*, 657 F.3d 97, 101-102 (2d Cir. 2011) (citations and internal quotation marks omitted). To be "adequate," a state law ground must be "firmly established and regularly followed by the state." *Richardson v. Greene*, 497 F.3d 212, 218 (2d Cir. 2007) (internal citations and quotation marks omitted). A state law basis is sufficiently adequate if "the case law interpreting [the state law] . . . displays consistent application in a context similar to [the instant case]." *Id.* at 220 (citation omitted).

In the instant case, the Second Department, citing N.Y. Crim. Proc. Law § 470.05[2] and *People v. Hawkins*, 11 N.Y.3d 484, 492-493 (2008), held the legal insufficiency claim to be unpreserved for appellate review because trial counsel did not move to dismiss the charge on that specific basis. *Sheehan*, 963 N.Y.S.2d at 311. The Second Department also found Petitioner's objections to the prosecutor's summation comments, *other* than the prosecutor's denigration of defense counsel, to be unpreserved for appellate review because defense counsel did not specifically object to them at trial. *Id.* at 312-313.

N.Y. Crim. Proc. Law § 470.05 is an independent and adequate state law ground. *See, e.g., Bowman v. Racette*, 12-CV-4153, 2015 WL 1787130, at *30 (S.D.N.Y. Apr. 20, 2015) (Swain, J.) (collecting cases where N.Y. Crim. Proc. Law § 470.05 has been deemed an

independent and adequate state ground). As such, there were independent and adequate state grounds for the state court's rejection of Petitioner's claim of legal insufficiency and objection to the prosecutor's comments vouching for the witness's credibility.

"A *habeas* petitioner may bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002). For Petitioner to "circumvent the independent-and-adequate bar" in this manner, he "must support his allegations of constitutional error with new reliable evidence." *Blount v. Napoli*, 09-CV-4526, 2012 WL 4755364 at *14 (E.D.N.Y. Oct. 5, 2012) (Matsumoto, J.) (internal quotation marks and citations omitted).

Here, Petitioner claims actual innocence, but provides no evidence for it. *See supra* Discussion Section II. A. Accordingly, Petitioner's may not seek review of his federal claims which were previously rejected by state courts on independent and adequate state law grounds. Petitioner's request for *habeas* relief on the grounds of legal insufficiency and improper prosecutorial vouching for the witness is hereby DENIED.

### 2. *Rosario* Violation and Acceptance of Verdict before Jury Readback

The Court addresses Petitioner's claims based on *Rosario* and acceptance of the verdict before jury readback together as they are both procedurally barred by the state court's application of the same independent and adequate state law ground. Petitioner alleges the Government committed a *Rosario* violation by failing to turn over the tape of the victim's 911 call. Petition at PDF 12-13. Petitioner also alleges the trial court erred by accepting the jury's verdict before providing the jury with the readback of requested testimony. *Id.* at PDF 13-14. On review of the Petitioner's § 440.10 motion, Justice Kron found the claims regarding the *Rosario* violation and

9

the acceptance of the verdict prior to readback were procedurally barred under N.Y. Crim. Proc. Law § 440.10(2)(c) because there were sufficient facts on the record to have permitted review of the claims on appeal, and Petitioner failed to raise these claims on appeal. State Court Briefs at PDF 185-188. Justice Kron further held Petitioner's claims were meritless because (1) the jury indicated it no longer required the readback before the trial court accepted its verdict, and (2) there was no *Rosario* violation because Petitioner was provided with a printout of the 911 call containing the information given to the police by the victim. *Id.* at PDF 188.

N.Y. Crim. Proc. Law § 440.10(2)(c) is an independent and adequate state law ground, consistently applied. *See, e.g., Alston v. Donnelly*, 461 F. Supp. 2d 112, 123 (W.D.N.Y. 2006) (Bianchini, Mag. J.) (collecting cases of regular application of N.Y. Crim. Proc. Law § 440.10(2)(c)). While a petitioner might be permitted to seek *habeas* review of his claims rejected by the state courts under N.Y. Crim. Proc. Law § 440.10(2)(c) by arguing actual innocence, Petitioner provides no evidence to support his claim of actual innocence. *See supra* Discussion Section II. A. Accordingly, Petitioner's request for *habeas* relief on the grounds of the state's alleged *Rosario* violation and the trial court's alleged error in accepting the verdict is hereby DENIED.

### C. Petitioner's *Molineux* Claim

Petitioner argues the Court violated *People v. Molineux*, 168 N.Y. 264 (1901), in admitting evidence that the victim saw Petitioner intoxicated. Petition at PDF 6. "A decision to admit evidence of a criminal defendant's uncharged crimes or bad acts under *Molineux* constitutes an evidentiary ruling based on state law." *Sierra v. Burge*, 06-CV-14432, 2007 WL 4218926, at *5 (S.D.N.Y. Nov. 30, 2007) (Chin, J.) (internal citations omitted). "For the admission of evidence by a state trial court to constitute a ground for habeas relief, a petitioner

must demonstrate that the alleged evidentiary error violated an identifiable constitutional right. . . . For an evidentiary error to rise to the level of a constitutional violation, the petitioner has to show that the alleged error was so prejudicial that it deprived him of a fundamentally fair trial." *Id.* (internal quotation marks and citations omitted). "For an erroneous admission of . . . unfairly prejudicial evidence to amount to a denial of due process, the item must have been sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." *Id.* (internal quotation marks and citations omitted) (ellipses in original).

Here, Petitioner has made no showing that the victim's testimony regarding Petitioner's alleged public intoxication—conduct that is much milder than the charged violent crime of robbery—was so prejudicial that it deprived him of a fundamentally fair trial. He has not shown it had a "substantial and injurious" effect on the trial. *Fry v. Pliler*, 551 U.S. 112, 122 (2007). Accordingly, Petitioner's request for *habeas* relief on the ground of a *Molineux* violation is hereby DENIED.

### D. Prosecutorial Denigration of Defense Counsel

Petitioner argues he is entitled to federal *habeas* relief because he was deprived of due process by the prosecutor's comments denigrating defense counsel. Petition at PDF 8. The Second Department agreed the prosecutor's comments were improper, but found they did not prejudice Petitioner because the trial court promptly sustained defense counsel's objections and issued curative instructions directing the jury to disregard the remarks and explaining why they were improper. *Sheehan*, 963 N.Y.S.2d at 312.

The Court reviews the Second Department's holding on this issue under the AEDPA standard, and will not reverse the Second Department unless its holding is contrary to, or an

11

unreasonable application of, federal law clearly established by the Supreme Court, or based on an unreasonable determination of the facts. *See supra* Discussion Section I.

The Supreme Court has established that, in deciding where prosecutorial misconduct may serve as a basis for *habeas* relief, "[t]he relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)) (internal quotation marks omitted). Petitioner has not established that the prosecutor's denigration of defense counsel had such a substantial effect on the trial. Nor can the Court find any basis in the record to find that the Second Department's holding was contrary to, or an unreasonable application of, federal law, or based on an unreasonable determination of the facts. Accordingly, Petitioner's request for *habeas* relief on this ground is hereby DENIED.

## CONCLUSION

Petitioner's application for a writ of habeas corpus is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c). The Clerk of the Court is directed to serve notice of entry of this Order on all parties and to close the case.

**SO ORDERED.**

/S/ Judge William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December _/_, 2015
Brooklyn, New York

12